Hearing Date: October 11, 2019 at 10:00 am (Prevailing Eastern Time)
Objection Deadline: October 2, 2019 at 4:00 pm (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |
| **PURDUE PHARMA L.P.,** *et al.*, | |
| Plaintiffs, | Adv. Pro. No. 19-08289 (RDD) |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.*, | |
| Defendants. | |

**DEBTORS' MOTION FOR ENTRY OF A SCHEDULING ORDER AND**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**A PROTECTIVE ORDER IN CONNECTION WITH
THE PRELIMINARY INJUNCTION MOTION**

Purdue Pharma L.P. ("**Purdue Pharma**") and certain other of the debtors ("**Debtors**")[2] who are plaintiffs in the above-captioned adversary proceeding, submit this motion (the "**Preliminary Injunction Schedule Motion**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), for entry of a scheduling order and a protective order in connection with Debtors' *Motion for a Preliminary Injunction* ("**Preliminary Injunction Motion**"), dated September 18, 2019, and respectfully represent:

1. By this motion, Debtors ask that the Court establish a schedule for the Preliminary Injunction Motion and for entry of a protective order. Specifically, Debtors request entry of an order, attached hereto as Exhibit A (the "**Order**"), (i) setting a schedule for the Preliminary Injunction Motion, and (ii) approving the terms and provisions of the protective order, attached to the Order as Exhibit 1, which sets forth procedures and protections governing any confidential and highly confidential information provided in connection with the Preliminary Injunction Motion (the "**Protective Order**").

2. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Debtors have served notice of this

---

[2] Although only certain of the Debtors (Purdue Pharma L.P.; Purdue Pharma Inc.; Purdue Pharma Manufacturing L.P.; Purdue Pharmaceuticals L.P.; Purdue Transdermal Technologies L.P.; Purdue Pharmaceutical Products L.P.; Purdue Pharma of Puerto Rico; Rhodes Pharmaceuticals L.P.; Rhodes Technologies; and Avrio Health L.P.) are defendants in the over 2,625 civil actions pending against the Debtors in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**"), the term "Debtors" is used for ease of reference.

Preliminary Injunction Schedule Motion on all parties entitled to notice, and submit that no other or further notice is necessary. No previous request for the relief sought herein has been made by Debtors to this or any other court.

3. This Court has the authority to issue the Order pursuant to 11 U.S.C. § 105(a), which grants the Bankruptcy Court "broad administrative power" to issue any order that serves the interest of preserving the value of the debtors' assets, and to facilitate an efficient process to manage its docket. *See, e.g.*, *Adelphia Commc'ns Corp. v. The Am. Channel, LLC (In re Adelphia Commc'ns Corp.)*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) (explaining the court "may use its equitable powers to assure the orderly conduct of the reorganization proceedings") (quoting *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985)).

4. Further, the proposed Protective Order should be entered because it will protect Debtors from public disclosure of Debtors' confidential financial analyses and commercially sensitive company information. Federal Rule of Civil Procedure 26(c)(1)(G), incorporated by Federal Rule of Bankruptcy Procedure 7026, allows for the issuance of a protective order to mandate that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A protective order is appropriate where the party seeking protection demonstrates: (i) that the information for which protection is sought is confidential, *Houbigant, Inc. v. Dev. Specialists, Inc.*, No. 01 Civ. 7388 LTSGWG, 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003), and (ii) "good cause" for the issuance of that order, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

5. Information relevant to the Preliminary Injunction Motion contains confidential financial information about Debtors' business that is entitled to protection. Under the first

3

element, courts in this District have recognized that "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment." *Closed Joint Stock Comp. "CTC Network" v. Actava TV, Inc.*, 15-CV-8681 (GBD) (BCM), 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016). Under the second element, courts routinely find that the need to protect internal financial information satisfies the good cause standard because disclosure of such information could competitively disadvantage the disclosing party. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3-4 (S.D.N.Y. Oct. 1, 2014) (granting motion to file under seal records relating to profit projects, business plans, and internal financial projections because disclosure "could competitively disadvantage" the party seeking protection). Here, information related to Debtors' financial status and the impact on Debtors' financial and human capital of defending the Pending Actions is valuable commercial information which, if widely disseminated, would provide competitors with an improper view into Debtors' business. Such information is known at any level of detail outside of Debtors and entities assisting Debtors in the above-captioned chapter 11 cases, and Debtors have taken steps to limit the dissemination of such information because of its sensitive nature. Accordingly, the proposed Protective Order is necessary because such information would cause significant harm to Debtors if disseminated by the Defendants.

6.    The Debtors stand ready to discuss the Preliminary Injunction Motion with any party in interest. Debtors' counsel may be contacted at 1-212-450-4000.

WHEREFORE Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A, granting the relief sought therein, and grant such other relief to Debtors as the Court may deem just and proper.

Dated:   September 18, 2019
         New York, New York

/s/ Benjamin S. Kaminetzky
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Proposed Counsel to the Debtors
and Debtors in Possession*