Hearing Date: May 20, 2021 at 10:00 am (Prevailing Eastern Time)
Objection Deadline: May 14, 2021 at 4:00 pm (Prevailing Eastern Time)
Reply Deadline: May 19, 2021 at 12:00 pm (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |
| **PURDUE PHARMA L.P.,** *et al.*, | |
| Plaintiffs, | **Adv. Pro. No. 19-08289 (RDD)** |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS,** *et al.*, | |
| Defendants. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO EXTEND THE PRELIMINARY INJUNCTION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

In their Moving Brief,[2] the Debtors established that a 27-day extension of the Preliminary Injunction, currently set to expire on May 20, 2021, is necessary to protect the Debtors' reorganization from irreparable harm and should be granted for essentially the same reasons that the Court approved similarly modest extensions of the Preliminary Injunction on April 21, 2021 and March 24, 2021.[3] The Debtors stand on the precipice of soliciting their plan of reorganization ("**Plan**"). Additional mediation before the Honorable Shelley C. Chapman is underway. The Debtors respectfully submit that the Preliminary Injunction remains critical to further protecting and facilitating progress toward a successful, and hopefully largely consensual, reorganization. That view is shared almost unanimously by key stakeholders. Indeed, the UCC, the Ad Hoc Committee, and the Multi-State Governmental Entities Group expressly support the Limited Extension. And none of the Native American Tribes Group, the Ad Hoc Group of Individual Victims, the NAS Committee, the Ad Hoc Group of Hospitals, the Third-Party Payor Group, or the Ratepayer Mediation Participants is objecting. The only two objectors are the two parties who have repeatedly objected to past extensions—objections that this Court has just as consistently rejected.

The Non-Consenting States incorporate by reference their previous objections to the Preliminary Injunction. As in the past, the Debtors will be similarly concise and state only that the Court should reject the Non-Consenting States' objection for substantially the same reasons

---

[2] Unless otherwise set forth herein, capitalized terms have the meanings ascribed to them in the Debtors' Memorandum of Law in Support of Motion to Extend the Preliminary Injunction, *In re Purdue Pharma L.P.*, Adv. Pro. 19-08289 (RDD) (S.D.N.Y. Bankr. May 6, 2021) [ECF No. 259] ("**Moving Brief**").

[3] The arguments and substantial case law in support of the Preliminary Injunction are set forth in detail in the Debtors' prior briefing, which can be found at docket numbers 246, 235, 228, 223, 220, 205, 198, 156, 147, 59, and 3.

that it has before, including most recently on April 21, 2021.[4] (*See* Mar. 24, 2021 Hr'g Tr. 100:19-102:8; 104:18-24; Sept. 30, 2020 Hr'g Tr. 73:19-87:2; Mar. 18, 2020 Hr'g Tr. 82:20-101:2; Oct. 11, 2019 Hr'g Tr. 253:19-268:14.) The Debtors also welcome and appreciate the Non-Consenting States' renewed commitment "to participate actively in discussions with all stakeholders trying to find mutually acceptable terms for a global resolution of these cases," including participating in a mediation with the shareholder parties under the direction of Judge Chapman. (*See* Cont. Obj. and Voluntary Commitment in Resp. to Purdue's Mot. to Extend the Prelim. Inj. ¶ 1 [ECF No. 262].) The Debtors are, however, compelled to note that there is no small amount of dissonance between the Non-Consenting States being a proponent of further mediation and their opposition to continuation of the Preliminary Injunction—a primary purpose of which is to provide the space for parties to resolve open issues, such as through mediation.

For its part, the Ad Hoc Committee on Accountability ("**AHCA**") again does not even attempt to address the standard for approval of the preliminary injunction. Instead, the AHCA advances a claim that it has advanced many times before, this time thinly cloaked in the guise of a superficial and inapposite discourse on the Seventh Amendment—namely, that trials will somehow increase "accountability." (*See* Limited Obj. of the Ad Hoc Comm. on Accountability to Debtors' Mot. to Extend the Prelim. Inj. [ECF No. 261] ("**AHCA Obj.**") at 4.) But as this Court has observed, "trials are just that – matters that result in an outcome of either liable or not liable. They are not some public form of truth serum. No litigator would tell you otherwise." (Sept. 30, 2020 Omnibus Hr'g Tr. 78:23-79:8.) Although the Debtors have and continue to strenuously disagree with the AHCA and its framing devices, including its inappropriate practice of erecting and attacking entirely made up straw men by incorrectly hypothesizing what "Purdue

---

[4] No transcript is available for the April 21, 2021 omnibus hearing.

2

might say," there is one point on which the Debtors and the AHCA appear to be in agreement: "People have been waiting too long." (AHCA Obj. at 6.) People have been waiting too long for these chapter 11 cases and their material cost to end and waiting too long for billions of dollars to be put to use abating the opioid crisis. Without the injunction, hundreds of lawsuits against the members of the Sackler family would resume and potentially thousands might commence. The certain consequence of this would be to put at risk the Debtors' abatement-centric Plan—supported by so many—which would collapse. And with it would vanish the agreed allocations of the Debtors' estates among creditors, the $4.275 billion contribution from the proposed settlement with the shareholders, the fair and orderly distribution mechanisms (in contrast to the race-to-the-courthouse roulette that would prevail outside of bankruptcy), and the unprecedented commitment by parties to and the means of ensuring that the vast majority of funds are devoted to abatement as quickly as possible. The years-long unbridled chaos and destruction of value that would inevitably result from lifting the injunction is an outcome no responsible stakeholder should countenance.

For the foregoing reasons, and those stated in the Moving Brief, the Debtors respectfully request that this Court extend the Preliminary Injunction until and including June 16, 2021.

Dated: May 19, 2021
New York, New York

By: /s/ Benjamin S. Kaminetzky
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors
and Debtors in Possession*