LITE DEPALMA GREENBERG & AFANADOR, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Allen J. Underwood II, Esq.
e-mail: aunderwood@litedepalma.com

CECERE PC
6035 McCommas Blvd.
Dallas, TX  75206
Tel: 469.600.9455
J. Carl Cecere, Esq.
e-mail: ccecere@cecerepc.com

*Counsel to Lac La Ronge Indian Band*

UNITED STATES BANKRUPTCY
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| PURDUE PHARMA L.L., *et. al*., | : | Case No. 19-ap-8289 (SL) |
| Debtors. | : | Jointly Administered |
| PURDUE PHARMA L.P., *et. al*., | : |  |
| Plaintiffs, | : |  |
| v. | : | Adv. Pro. No. 19-08289 (SL) |
| COMMONWEALTH OF MASSACHUSETTS, et al., | : |  |
| Defendants. | : |  |

**THE LAC LA RONGE INDIAN BAND'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR EXTENSION OF TIME TO FILE APPEAL</u>**

Pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(1)(B), Appellant Lac La Ronge Indian Band files this memorandum of law in support of its motion for extension of time to file an appeal from the Thirty-Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction (the "Thirty-Third Order") and would respectfully show as follows.

## BACKGROUND

On February 23, 2023, Appellant filed an appeal [S.D.N.Y. Case No. 23-cv-1541 (VB)] (the "Original Appeal") from the bankruptcy court's entry of the Thirty-Second Amended Order Pursuant to 11 U.S.C. §105(a) Granting Motion for a Preliminary Injunction (the "Thirty-Second Order"). [*See* Bankruptcy Adversary Proceeding Dkt. No. 410]. The Thirty-Second Order expired on July 3, 2023, and was replaced by the Thirty-Third Order, which was entered on July 12, 2023, and which is a continuation of, and is virtually identical to, the Thirty-Second Order. Appellant's grounds for challenging both orders are the same.

Appellant filed a notice of appeal from the Thirty-Third Order, intending for that appeal to be consolidated with the Original Appeal, to ensure that the Original Appeal did not become moot as the result of the Thirty-Second Order's expiration. [Bankruptcy Adversary Proceeding Dkt. No. 436]. Yet counsel for the Appellant inadvertently and mistakenly calendared the deadline for filing that notice according to the deadline provided in the Federal Rules of Appellate Procedure, which allow for a notice appeal to be filed within "30 days after entry of the judgment or order appealed from," Fed. R. App. P. 4(a)(1)(A), rather than the 14 days permitted to file a notice of appeal under Bankruptcy Rule. 8002(a)(1). *See* Decl. of J. Carl Cecere, attached as Exhibit A" Accordingly, counsel for Appellant filed that notice of appeal 16 days late—on August 11, 2023. Now Appellant seeks leave for an extension of time so that this original notice of appeal might be deemed timely filed.

2

# ARGUMENT

Fed. R. Bankr P. 8002 4(d)(1)(B) provides that a district court "may extend the time to file a notice of appeal upon a party's motion" if it is filed "within 21 days after" the originally prescribed time to file its appeal if the party seeking an extension "shows excusable neglect." Accordingly, the deadline for Appellant to request an extension of time is today, August 16, 2023, which is 21 days after expiration of the original deadline to file its appeal, July 26, 2023.

The Supreme Court has indicated that, in determining whether a party demonstrated "excusable neglect" so as to be entitled to an extension of time to file an appeal, the Court should weigh the following factors: [1] whether the delay in seeking appeal was "within the reasonable control of the appellant," [2] "the danger of prejudice to the [non-movant], [3] the length of the delay and its potential impact on judicial proceedings … and [4] whether the movant acted in good faith." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 385 (1993). This is ultimately an equitable balancing inquiry, and it is heavily weighted toward granting leave to appeal, given this circuit's "strong preference for resolution of disputes on their merits" rather than by technical timing-related defaults. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015); *see also Sony Corp. v. Elm State Elecs., Inc*., 800 F.2d 317, 320 (2d Cir. 1986).

Regardless of whether this particular failure to meet the original deadline for filing a notice of appeal was "within the reasonable control of the appellant," the mistake was entirely inadvertent and excusable. The remaining factors—including "the length of the delay, the danger of prejudice, and the movant's good faith"—usually "weigh in favor of the party seeking the extension." *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (internal quotation omitted). And those factors weigh strongly in favor of granting Appellant an extension in this case. No one questions the

Appellant's good faith in requesting the extension. The length of the delay in seeking the extension is short—just over weeks after expiration of the initial deadline, and within the time expressly provided for an extension under Rule 8002. That is not even significant, much less prejudicial. And there is little risk of prejudice to the non-movants, because they are already subject to the appeal from the Thirty-Second Order. The briefing in that appeal is nearly complete—Purdue filed its Appellees' brief yesterday. And the sole purpose of the appeal from the Thirty-Third Order is to assure that the appeal from the Thirty-Second Order does not become moot because it lapsed while briefing was ongoing. Purdue will not be required to file any additional briefing or prepare for any additional argument related to the appeal from the Thirty-Third Order. Accordingly, Purdue will not experience any additional delay or expense if the Court allows that appeal to go forward.

**PRAYER**

For all the foregoing reasons, Appellant Lac La Ronge Indian Band requests that the Court extend the deadline for them to file a notice of appeal from the Thirty-Third Order to and including August 11, 2023, deem the notice of appeal filed on that date to be timely filed, and grant such further relief as justice may require.

Dated: August 16, 2023                                    Respectfully submitted,

                                                          */s/ Allen J. Underwood, II*

J. Carl Cecere                        Allen J. Underwood, II
CECERE PC                             LITE DEPALMA GREENBERG &
6035 McCommas Blvd.                     AFANADOR, LLC
Dallas, TX  75206                     570 Broad Street, Suite 1201 Newark, NJ
Tel: 469.600.9455                     07102
ccecere@cecerepc.com                  Tel: 973.623.3000
                                      Fax: 973.623.0858
                                      aunderwood@litedepalma.com

                                      *Counsel for the Lac La Ronge Indian Band*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Bankruptcy Court for the Southern District of New York using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Allen J. Underwood II*

**Allen J. Underwood II**