DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>**PURDUE PHARMA L.P.**, *et al.*,<br>     Debtors.[1] | Chapter 11<br>Case No. 19-23649 (SHL)<br>(Jointly Administered) |
| **PURDUE PHARMA L.P.**, *et al.*,<br>     Plaintiffs,<br>     v.<br>**COMMONWEALTH OF MASSACHUSETTS**, *et al.*,<br>     Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**DEBTORS' OPPOSITION TO LAC LA RONGE INDIAN BAND'S**
**MOTION FOR EXTENSION OF TIME TO FILE APPEAL**[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] References to [Dkt.] refer to the main bankruptcy docket (19-23649 (SHL)). References to [Adv. Dkt.] refer to the adversary proceeding docket (Adv. Pro. No. 19-08289 (SHL)).

## INTRODUCTION

The request of Appellant Lac La Ronge Indian Band ("Lac La Ronge") to extend the time for it to file a notice of appeal of the Thirty-Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction (the "Thirty-Third PI Order") [Adv. Dkt. 432] should be denied. The only justification Lac La Ronge provides for its request is that it mistakenly calendared the incorrect deadline to do so. (Motion for Extension of Time to File Appeal (the "Motion" or "Mot.") [Adv. Dkt. 438], Ex. A ¶ 2.) This reason for delay—from experienced counsel who have on three prior occasions filed timely appeals in these cases—fails to meet the exacting "excusable neglect" standard in this Circuit.

## ARGUMENT

Federal Rule of Bankruptcy Procedure 8002(a), entitled "**Time for Filing Notice of Appeal**," is crystal clear: "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." An appeal filed after this 14-day deadline is permitted only upon a showing of "excusable neglect." Fed. R. Bankr. P. 8002(d). A court's determination of whether excusable neglect has been demonstrated is guided by the *Pioneer* factors—"[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *In re Enron*, 364 B.R. 482, 486 (S.D.N.Y. 2007) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The burden of meeting the *Pioneer* test for excusable neglect falls on the movant, *id.*, and—dispositive of the instant Motion—generally requires a showing beyond "inadvertence, ignorance of the rules, or mistakes construing the rules." *In re Singer Co. N.V.*, No. M-47 (MBM), 2002 WL 10452, at *7 (S.D.N.Y. Jan. 3, 2002)

1

(quoting *Pioneer*, 507 U.S. at 392). Indeed, the Second Circuit focuses its excusable neglect standard on the third factor—reason for delay—and "the other three are significant only in close cases." *In re Scorpion Fitness Inc.*, No. 19-11231 (MEW), 2020 WL 1670752, at *4 (Bankr. S.D.N.Y. Apr. 3, 2020) (citing *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004)).

Lac La Ronge's request to extend the time to file a notice of appeal does <u>nothing</u> to meet the hard line drawn by the Second Circuit. The only excuse offered by Lac La Ronge for failing to timely file a notice of appeal is that counsel "inadvertently and mistakenly calendared the deadline for filing that notice employed in the Federal Rules of Appellate Procedure." (Mot., Ex. A ¶ 2). But "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Lehr Constr. Corp. v. Flaxer*, 16-cv-4048 (AJN), 2017 WL 464428, at *3 (S.D.N.Y. Feb. 2, 2017) (quoting *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005)). Courts in this Circuit have routinely found that a movant's failure to read the relevant bankruptcy provision of the bankruptcy rules does not constitute excusable neglect, even where the remaining three factors may weigh in movant's favor. *See e.g.*, *Lehr*, 2017 WL 464428 at *3 (finding "fail[ure] to read the relevant provision of the bankruptcy rules" does not constitute excusable neglect); *In re Singer*, 2002 WL 10452 at *2-3 (finding that "good-faith application of the wrong rule in computing the time period for appeals" did not constitute excusable neglect); *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (affirming order denying motion to extend time to appeal where movant "mistakenly calendared deadline" because "absent extraordinary circumstances, attorney inadvertence is not excusable neglect"). Tellingly, Lac La Ronge cites to no case where failure to apply the appropriate bankruptcy rule

2

was found to be a sufficient reason for delay, let alone any case where excusable neglect was found on that basis.  (*See* Mot. at 3-4.)

Lac La Ronge's failure to follow the rules here is even more perplexing and inexcusable in light of the facts that (i) counsel to Lac La Ronge (who are well versed in bankruptcy litigation, including appeals[3]) have previously filed three timely notices of appeal in these chapter 11 cases alone, including an appeal of the Thirty-Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction (the "Thirty-Second PI Order") [Adv. Dkt. 410][4] and (ii) Lac La Ronge was even warned of its obligation to file a notice of appeal of the Thirty-Third PI Order (*see* Debtors' Reply Memorandum in Further Support of Motion to Extent the Preliminary Injunction (the "Reply") at 2-4 [Adv. Dkt. 427]), and later represented to the District Court on July 3 that it understood that the Thirty-Second PI Order was expiring and that it needed to file a notice of appeal from the Thirty-Third PI Order.  (*See* Brief of Appellant ("App. Br.") at 11 n.3, *In re Purdue Pharma L.P.*, No. 23-cv-01541 (VB) (S.D.N.Y. July 3, 2023), Dkt. No. 10.)  Accordingly, Lac La Ronge's purported mistake in calendaring the incorrect deadline is insufficient, and its Motion should be denied.

Lac La Ronge's failure to provide a satisfactory reason for its delay is dispositive of its Motion, and, in any case, the remaining three factors also do not "weigh strongly in favor" of Appellant. (Mot. at 3.)  For starters, despite Lac La Ronge's assertion that it acted in "good faith" (Mot. at 3-4), the history of its actions throughout these bankruptcy cases tells a very different story.  Lac La Ronge has spent the last two plus years taking increasingly bizarre

---

[3] *See Attorneys*, Lite DePalma Greenberg & Afanador, LLC, https://www.litedepalma.com/underwood (describing Allen Underwood to be "a seasoned . . . bankruptcy attorney"); *Carl Cecere*, LinkedIn, https://www.linkedin.com/in/carl-cecere-8722279 (describing Carl Cecere as an attorney who has "handled a variety of issues [including] . . . bankruptcy").

[4] *See* Notice of Appeal [Adv. Dkt. 412]; Notice of Appeal [Dkt. 3774]; Notice of Appeal [Dkt. 3775].

3

actions and unsupportable positions resulting in nothing other than delay and waste of estate resources that would otherwise be devoted to opioid abatement and victim compensation. For example, just in the instant appeal, Lac La Ronge urges the District Court to conclude that this Court lacks jurisdiction over its claims and that Lac La Ronge has not waived any sovereign immunity it may have (*see* App. Br. at 45-53)—even though the Second Circuit just decided both of those issues against Lac La Ronge in its May 30, 2023 confirmation decision affirming this Court's exercise of subject matter jurisdiction and concluding that any sovereign immunity has been waived. *See In re Purdue Pharma L.P.*, 69 F.4th 45, 71, 84 (2d Cir. 2023). This is on top of a number of other positions it advances that are diametrically opposed to precedent of this and every other circuit to reach the issue. Indeed, just earlier this month, Lac La Ronge interjected itself in stay briefing before the United States Supreme Court by filing a "response" seeking to stay the mandate of the Second Circuit despite failing to explain how, if at all, it has any stake in the outcome of the case when its claims against Purdue Canada are carved out of the releases. *See* Response of the Canadian Respondents, *Harrington v. Purdue Pharma*, *L.P.*, *et al.*, No. 23-124 (Aug. 4, 2023). The lack of good faith and zeal for delay is further demonstrated by Lac La Ronge's decision to file its untimely notice of appeal at the end of the deadline (even according to its mistaken calculation of the number of days the relevant rule provided) despite clearly stating its intention to appeal from the outset. (*See* App. Br. at 11 n.3.)

Moreover, Lac La Ronge's assertion that if its motion is granted, "there is little risk of prejudice to the non-movants, because they are already subject to the appeal from the Thirty-Second Order" (Mot. at 4) makes no sense. The Thirty-Second PI Order expired on June 29, 2023 and any appeal from that order is moot. (*See* Appellees' Br. at 25-27 (citing *Video Tutorial Servs. v. MCI Telecomms. Corp.*, 79 F.3d 3, 5-6 (2d. Cir 1996) (holding that "[a]n interlocutory

appeal from a temporary stay no longer in effect, like an interlocutory appeal from a since-expired or vacated temporary restraining order, is the paradigm of a moot appeal" and explaining that "[w]hen an appeal becomes moot, we must dismiss it, since we have no jurisdiction over moot controversies")).)  The Debtors (and its thousands of creditors) are therefore prejudiced if forced to continue to expend resources litigating an untimely appeal.

Finally, with respect to the length of delay *Pioneer* factor, courts within this Circuit have frequently refused to find excusable neglect in cases where the delay was much shorter than this appeal, which was filed 16 days after the deadline.  *See e.g.*, *In re Charney*, No. 18-CV-6459 (VEC), 2019 WL 9244879, at *2 (S.D.N.Y. Apr. 2, 2019) (finding no excusable neglect for appeal filed one-day after the deadline)); *In re Singer*, 2002 WL 10452 at *3 (same); *In re Johns-Manville Corp.*, 476 F.3d at 124 (same).

Accordingly, based on well-established case law in this Circuit, Lac La Ronge's failure to timely file a notice of appeal within the 14-day period provided in Rule 8002(a)—a clear and unambiguous procedural rule—did not constitute "excusable neglect" warranting an extension of time to appeal the Thirty-Third PI Order.  The Debtors respectfully request that this Court deny Lac La Ronge's Motion for Extension of Time to File a Notice of Appeal.

Dated:  August 22, 2023
       New York, New York

                               By: /s/ *Benjamin S. Kaminetzky*
                               DAVIS POLK & WARDWELL LLP
                               450 Lexington Avenue
                               New York, New York 10017
                               Telephone: (212) 450-4000
                               Facsimile:  (212) 701-5800
                               Marshall S. Huebner
                               Benjamin S. Kaminetzky
                               James I. McClammy
                               Marc J. Tobak

                               *Counsel to the Debtors*
                               *and Debtors in Possession*