UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |
| **PURDUE PHARMA L.P.**, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS**, *et al.*,<br><br>Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**THE STATE OF MARYLAND'S OBJECTION TO DEBTORS' OCTOBER 21, 2024 MOTION TO (I) EXTEND THE MEDIATION; AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING [ Adv. D/N 567]**

ARGUMENT

Debtors now seek a *fourth* post-*Harrington* extension of the preliminary injunction based on the unreported progress of a mediation that they initially sought to extend for what they said would be a more limited period of time. The State of Maryland—like other parties—has

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick and L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

participated in the mediation and supports the mediation. But, as the State has previously stated, both before and after the confirmation appeal, mediation should occur outside of the protections of preliminary injunctive relief for the Related Parties that the Debtors' continue to request. Particularly with respect to states' investigate and law enforcement powers, which, for good reason, involve much more than the mere enforcement of criminal statutes, the continuing preliminary injunction reduces significantly the protections that the law is designed to provide to the *Related Parties'* creditors and a public afflicted by the opioid crisis.

The history of the confirmation and appeal of the Twelfth Amended Plan demonstrates this plainly. Members of the Sackler family or agents of their trusts told the Court that the Sackler contribution to the estate would be no higher and would not be reached in the absence of non-debtor releases for its members and their related entities. *See, e.g.* Tr. of Proceedings, No. 19-23649-RDD (Bankr. S.D.N.Y. August 17, 2021) (Cross-Examination of David Sackler) ("Q. In paragraph 4 of your declaration, you say that you look forward to the time that the billions of dollars your family has offered from the settlement can be put to work to abate the opioid crisis but also that your family won't agree to make the payments in the plan without the broad releases. Is that correct? A. That is correct, yes."). Once the District Court reversed and the possibility of active litigation resumed, parties identified additional consideration. Now that the Supreme Court has eliminated the possibility of releases, talks continue. But they continue in the artificial circumstances created by the preliminary injunction.

The preliminary injunction also creates circumstances in which the consumer marketplace is not and cannot be fully regulated. When wrongdoing cannot be investigated and scrutinized, and wrongdoers cannot be held accountable, the system of deterrence erected by the civil justice

system weakens and, with it, both the protections for the safety and health of Americans and the protection of the marketplace for lawful economic activity.

The State of Maryland incorporates, reasserts, and preserves reasserting, and preserving what the State of Maryland and other parties have said before,[2] as the Court has permitted. The State of Maryland additionally states:

1. **<u>Judicial And Equitable Estoppel</u>.** Debtors are judicially and equitably estopped from obtaining a further extension of the preliminary injunction because they have deliberately delayed appellate review of the Court's previous two extensions of the preliminary injunction. The State of Maryland's appeal is pending in the district court. There, in a letter-motion filed on October 9, 2024, counsel for the Debtors stated that they were unable to defend the appeal during a schedule set by the Court for filing the Debtors' brief. *See* Letter from Benjamin Kaminetzky to the Hon. Colleen McMahon of October 9, 2024 (Ex. A). Only 12 days after requesting their postponement, during the time when Debtors' counsel told the district court they were unable to prepare their appellate brief, Debtors nevertheless found time to present the same issues to this Court, filing their latest motion.

2. The doctrine of judicial estoppel precludes a party from changing factual positions, especially when the change interferes with the integrity of the judicial process. *New Hampshire v.*

---

[2] The State of Maryland incorporates its objections to the previous extensions of the preliminary injunctions. *See* State of Maryland's Motion to Dismiss Adversary Proceeding (Bankr. S.D.N.Y. filed 07/05/2024) [D/N 500]; State of Maryland's Objection to Motion to Extend Preliminary Injunction (Bankr. S.D.N.Y. filed 08/30/2024) [D/N 522]; Objection to Motion to Extend Preliminary Injunction (Bankr. S.D.N.Y. filed 09/20/2024) [D/N 545] and the objections of other parties as if fully set forth herein. *See* Nassau County, NY's Objection to the Debtor's Motion to Extend the Preliminary Injunction (Bankr. S.D.N.Y. filed 08/30/2024) [D/N 517]; Nassau County, NY's Objection to the Debtor's Motion to Extend the Preliminary Motion (Bankr. S.D.N.Y. filed 09/19/2024) [D/N 543]; State of Rhode Island's Objection to Extend the Preliminary Injunction (Bankr. S.D.N.Y. filed 09/20/2024) [D/N 548].

3

*Maine,* 532 U.S. 742, 749-50 (2001) (doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.") (internal quotation marks and citation omitted). As the Supreme Court has made clear, "a party puts the integrity of the judicial process at risk not only when it knowingly lies but when it takes a position in the short-term knowing that it may be on the verge of taking an inconsistent future action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 696 (2d Cir. 2011). This is especially true when—whether deliberate or not—a party takes a position that defeats the supervisory structure of the federal courts. *DeRosa v. National Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010 (judicial estoppel applicable where inconsistent factual positions have an "impact on judicial integrity [that] is certain") (quoting *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 148 (2d Cir. 2005)). Where a party has made statements to an earlier tribunal that accepted those statements, the party is judicially estopped from altering those positions to secure strategic benefit. *See Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997); *In re Adelphia Recovery Tr.*, 634 F.3d 678, 696 (2d Cir. 2011). Judicial estoppel precludes the Debtors from seeking an extension of the preliminary injunction here until the district court completes the review that the Debtors have delayed. The Debtors have ample legal representation. If they wish to maintain and extend a preliminary injunction they must be prepared to defend it on appeal.

3. Similarly, the doctrine of equitable estoppel also precludes the further pursuit of injunctive relief before the District Court has had the opportunity to rule. "Equitable estoppel is grounded on the notions of fair dealing and good conscience and is designed to aid the law in the administration of justice where injustice would otherwise result." *In re Vebeliunas*, 332 F.3d 85, 93 (2d Cir. 2003) (quoting *In re Ionosphere Clubs. Inc*., 85 F.3d 992, 999 (2d Cir. 1996)). Equitable estoppel should be invoked where "the enforcement of the rights of one party would work an

4

injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Id*. (quoting *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001)). Debtors asserted to Maryland that they did not have time to proceed in the appeal and had no flexibility in the month of October for filings due to their religious observances. But Debtors presumably found availability within their legal team to proceed at the same time in this Court and, should the Court grant the motion, will have prejudiced Maryland. Equitable estoppel prevents just this kind of prejudice.

4. Equitable relief is reserved for those who act equitably. Whether intentional or not, Debtors selective unavailability has delayed appellate review. The Court should not grant the equitable relief to Debtors under the circumstances.

5. **No Evidence Of Record Supports The Extension.** A motion asserting disputed facts must be supported by evidence of record. Although the Court has recognized that it should not require Debtors to come forward with evidence that might impair the mediation, there are options between "zero evidence" and a mediation-destroying submission and tools the Court has available to hear evidence without prejudicing rights. *See, e.g.,* Fed. R. Bankr. P. 9018; 11 U.S.C. §107(b); *In re Borders Group, Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011)(discussing the ability of bankruptcy courts to seal papers); *Official Committee of Asbestos Claimants of G-I Holdings, Inc. v. Heyman*, 359 B.R. 452, 452-53 (Bankr. S.D.N.Y. 2007) (allowing papers to reviewed in camera on the grounds of privilege). Although the degree of evidence required arguably may depend upon the nature of the request, based on original expectations, the mediation has reached a point where Debtors ought to be required to provide evidence supporting their assertions.

## CONCLUSION

For the foregoing reasons, Debtors' motion to extend the preliminary injunction should be denied as to the Related Parties.

Dated: October 29, 2024

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/
BRIAN T. EDMUNDS
SARAH ZADROZNY
Assistant Attorneys General
(admitted pro hac vice)
OFFICE OF THE ATTORNEY GENERAL
200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-6578
bedmunds@oag.state.md.us

*Attorneys for the State of Maryland*