**Hearing Date: December 20, 2024 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: December 17, 2024 at 3:00 p.m. (Prevailing Eastern Time)**
**Reply Deadline: December 19, 2024 at 12:00 p.m. (Prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| **PURDUE PHARMA L.P.**, *et al.*, | |
| Plaintiffs, | Adv. Pro. No. 19-08289 (SHL) |
| v. | |
| **COMMONWEALTH OF MASSACHUSETTS**, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO (I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## TABLE OF CONTENTS

P<small>AGE</small>

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................2

    I.    This Court Has Jurisdiction and Statutory Authority to Extend the Mediation .............3

    II.   The Four Factors Weigh Strongly in Favor of a Short Bridge Extension of the Mediation and Preliminary Injunction ........................................................................................4

CONCLUSION.......................................................................................................................7

## TABLE OF AUTHORITIES

C<small>ASES</small>

P<small>AGE</small>(S)

*SPV Osus Ltd. v. UBS AG*,
  882 F.3d 333 (2d Cir. 2018) ................................................................................................ 3

*Maryland v. Purdue Pharma L.P.*,
  No. 19-23649, 2024 WL 4894349 (S.D.N.Y. Nov. 26, 2024) ................................... 3, 4, 6

## INTRODUCTION

The Debtors, with the support of the Mediators, respectfully request that the Court extend the Mediation and the Preliminary Injunction until January 24, 2025. While the Debtors have not requested authority to represent that any other mediation party <u>presently</u> support the extension, they have discussed this proposed schedule with key participants and believe that if there is support for an extension by the December 17 objection deadline, there will also be support for the schedule proposed herein.  This will be the case because continued progress in Mediation towards the dual objectives of filing a plan of reorganization in January 2025 and facilitating the Debtors' successful reorganization will necessitate a further short extension of the Mediation and Preliminary Injunction, calibrated to create the conditions for continued success during this period, which includes three federal holidays—Christmas, New Year's Day, and Martin Luther King Jr. Day.  And the immutable reality is that many Mediation parties have family obligations during at least portions of the weeks of December 23 and December 30.

The legal bases for the Preliminary Injunction and its extension are well established and settled law of the case.  Judge McMahon recently affirmed the 37th through 39th amended orders extending the Preliminary Injunction, making ineluctably clear that the Preliminary Injunction is within the Court's jurisdiction and statutory authority.  At the November 26, 2024 hearing, this Court observed that "the law is done," and that the only issue "that needs further parsing" is whether "the new circumstances" justify a further extension of the injunction.[2]  Continued progress in Mediation towards filing a plan next month[3] along with the extensive record of

---

[2] Nov. 26, 2024 Hr'g Tr. 100:16-19 [ECF No. 612].  ECF numbers reference docket entries in this adversary proceeding unless otherwise noted.

[3] Co-Mediators' Second Interim Status Report ("**Second Interim Report**") at ¶ 6, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. Nov. 25, 2024) [ECF No. 6960].

1

harms that would befall the Debtors if the injunction were lifted, demonstrate that each of the traditional four factors of the preliminary injunction test weigh strongly in favor of a modest 32-day extension. The Debtors thus hope and expect that this requested extension will have support from key stakeholders by the time of the hearing, including because the extension is a mere 15 days after the date that the Debtors and Mediators proposed at the last hearing—an extension that was supported by the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Governmental and other Contingent Litigation Claimants, the Multi-state Governmental Entities Group, and the State Attorneys General Negotiating Committee.

## ARGUMENT

This Court's jurisdiction and statutory authority to extend the Preliminary Injunction are well established and settled law of the case. As this Court held at the November 26 hearing on the Debtors' prior request for an extension of the Preliminary Injunction "the law is done" and "the new circumstances are really the only thing at the end of the day that needs further parsing." Nov. 26, 2024 Hr'g Tr. 100:16-19 [ECF No. 612].

Mindful of the Court's observation that "to the extent arguments have been made and addressed and rejected, that's done" and "it is entirely appropriate again for a motion to incorporate what's come before in one or two short sentences and then essentially include the update," *id.* at 100:4-8, the Debtors incorporate by reference their extensive prior briefing in

---

"**Mediation**," "**Mediators**," and "**Mediation Parties**" have the meaning ascribed to them in the Fourth Amended Order Appointing the Honorable Shelley C. Chapman (Ret.) and Eric D. Green as Co-Mediators and Establishing Terms and Conditions of Mediation (the "Fourth Amended Mediation Order"), *In re Purdue Pharms. L.P.*, No. 19-23649 (SHL) (Bankr. S.D.N.Y. December 2, 2024) [ECF No. 6980]. Otherwise, capitalized terms used but not defined herein have the meaning ascribed to them in the motion for extension of the Mediation and Preliminary Injunction filed contemporaneously herewith.

support of the Preliminary Injunction, both pre- and post-dating the Supreme Court's decision. That briefing extensively sets forth the jurisdictional and statutory bases for the Preliminary Injunction, and also marshals the expansive evidentiary record supporting findings that each of the four traditional injunction factors are met. Against that backdrop, the Debtors will only address each of these issues as necessary to update the Court on developments since the November 26, 2024 hearing.

I.    **This Court Has Jurisdiction and Statutory Authority to Extend the Mediation**

Hours after the November 26 hearing, the District Court released its opinion affirming the 37th, 38th, and 39th extensions of the Preliminary Injunction. In doing so, the District Court held:

> Nothing in the limited *ratio decidendi* in *Harrington* so much as discusses, let alone reverses, the power of a bankruptcy court, in appropriate circumstances, to temporarily enjoin litigation, not only against debtors, but against third parties who, by virtue of their relationship to debtors, may have assets or claims that could impact the *res* of the bankruptcy estate.

*Maryland v. Purdue Pharma L.P.*, No. 19-23649 2024 WL 4894349, at *7 (S.D.N.Y. Nov. 26, 2024). As Judge McMahon recognized, Second Circuit precedent is clear that the injunction here "would fall within the 'related to' jurisdiction of the Bankruptcy Court, which is about as broad as it can possibly be." *Id.* (citing *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018)). Binding precedent and law of the case therefore instruct that this Court has jurisdiction and statutory authority to extend the Preliminary Injunction.[4] And the Debtors hope that no party will re-brief these issues for the fifth time.

---

[4] Rather than reiterate the decades of Supreme Court and Second Circuit precedents which further command this result, the Debtors incorporate their prior briefing in support of the Preliminary Injunction by reference, which discuss these issues in detail. *See e.g.*, *Reply Memorandum in Further Support of Motion to Extend the Preliminary Injunction to Facilitate Mediation* at 3-5 [ECF No. 502]; *Reply Memorandum in Further Support of Motion to (I) Extend*

3

## II. The Four Factors Weigh Strongly in Favor of a Short Bridge Extension of the Mediation and Preliminary Injunction

Consistent with this authority, this Court should grant the Debtors' request, made at the behest of the Mediators, for a modest 32-day extension of the Preliminary Injunction. The irreparable harm that the Debtors would suffer absent the extension, and the public interest in facilitating a reorganization of the Debtors, outweigh any harm from incremental delay of prosecution of the enjoined actions against the Sacklers.

First, the parties' progress in Mediation since the Supreme Court's decision supports the first preliminary injunction factor, which analyzes "whether there is a likelihood of successful reorganization." *Maryland v. Purdue Pharma L.P.*, 2024 WL 4894349, at *7-8. The District Court found that the substantial progress in Mediation is "a remarkable feat considering that the first negotiation took well over a year and a half" and "supports a continuation of the Preliminary Injunction." *Id.* at *8. Such progress to-date includes a "detailed term sheet," which reflects an agreement between many key creditor constituencies, including "the Debtors, the Ad Hoc Committee, the Creditors' Committee, the State Attorneys General negotiating committee, and the MSGE Group," on the one hand, and the Sacklers on the other, for a total amount of cash consideration provided by the Sackler family groups that *exceeds* any amount previously provided under prior plans. (Second Interim Report at ¶ 2.) The Mediators have authorized the

---

*the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend Schedule for the Standing Motion* at 3-7 [ECF. No. 525]; *Reply Memorandum in Further Support of Motion to (I) Extend the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend the Schedule for the Standing Motion* at 16-18 [ECF. No. 550]; *Reply Memorandum in Further Support of Motion to Extend the Mediation and Extend the Preliminary Injunction and Associated Deadlines Including Tolling* at 4-9 [ECF. No. 579]; *Reply Memorandum in Further Support of Motion to Extend the Mediation and Extend the Preliminary Injunction and Associated Deadlines Including Tolling* at 4-9 [ECF. No. 606].

4

Debtors to represent that there has been additional incremental progress since the Second Interim Report and that if the remaining issues get closed out as expected, the Debtors remain on track to file a plan of reorganization and disclosure statement by the end of January 2025. More time in Mediation, however, is needed to resolve remaining deal points and facilitate the filing of a plan of reorganization. The plan will reflect an agreement reached by many parties, each of whom must get to the proverbial finish line. "The continuation of the preliminary injunction is absolutely vital to these efforts," (Second Interim Report at ¶ 5), and increases the likelihood of the Debtors' successful reorganization.

Second, the extensive record of irreparable harm, including both monetary and non-monetary harms,[5] that the Debtors and their Estates would suffer if the Preliminary Injunction were lifted at this crucial juncture in the Debtors' reorganization is well established, and no intervening facts have undermined that clear record.[6] As Judge McMahon explained, "there is

---

[5] As this Court has repeatedly found, allowing "all out litigation warfare" would fatally distract from Mediation, impose "tremendous" burdens on the Debtors, including through discovery and other litigation obligations, endanger the Estates' claims against the Sacklers, and result in potential indemnification, contribution, and shared insurance claims against the Debtors—which even if unsuccessful would impose enormous monetary and nonmonetary burdens on the Debtors. *See, e.g.*, Modified Bench Ruling Granting the Debtors' Mot. to (I) Extend the Mediation and (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling, at 15-17 [ECF No. 613]; Oct. 31, 2024 Hr'g Tr. 92:8-18, 95:5-12 [ECF No. 605]; Sept. 23, 2024 Hr'g Tr. 87:4-14, 91:8-93:13 [ECF No. 560]; Sept. 5, 2024 Hr'g Tr. 61:20-62:16 [ECF No. 534]; July 9, 2024 Hr'g Tr. 92:16-93:21[ECF No. 511].

[6] Rather than recite the detailed record of harms the Debtors were actually suffering when litigation against the Debtors and their Related Parties was proceeding unchecked, and which the Debtors would undoubtedly suffer again if the injunction lifts now, the Debtors incorporate by reference their detailed briefing on this issue. *See, e.g.*, *Reply Memorandum in Further Support of Motion to (I) Extend the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend the Schedule for the Standing Motion* at 7-13 [ECF. No. 550]; *Reply Memorandum in further Support of Motion to Extend the Mediation and Extend the Preliminary Injunction and Associated Deadlines Including Tolling* at 13-19 [ECF No. 579].

5

good reason to believe mediation will fail in the absence of the Preliminary Injunction—[and] any prospect of near-term monetary relief will recede, as the Debtors and their creditors are forced into a costly, lengthy litigation with the Related Parties, who will assert jurisdictional defenses and who have secreted their assets abroad." *Maryland v. Purdue Pharma L.P.*, 2024 WL 4894349, at *9. These litigations would take many years.

Third, the public interest and the balance of the harms both counsel in favor of the requested extension for the same reasons the Debtors detailed in recent extension requests, with the additional caveat that yet further incremental progress in Mediation tips the balance further in favor of the Debtors.[7] As this Court and Judge McMahon have both held, "mediation is unquestionably the most cost-effective and efficient means that the Debtors have of recovering assets with which to pay their creditors." *Maryland v. Purdue Pharma L.P.*, 2024 WL 4894349, at *8; Modified Bench Ruling Granting the Debtors' Mot. to (I) Extend the Mediation and (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling ("**MBR**"), at 13 [ECF No. 613]. It would be a terrible disservice to the victims of the opioid crisis to dash the prospects of a value-maximizing reorganization for the sole purpose of allowing creditors to prosecute their claims *now* in a "full-blown, all-out fight with all parties looking out for their own parochial interests." MBR at 16 [ECF No. 613]. And the Voluntary Injunction, "administered under the watchful eye of the Bankruptcy Court—bars the Sacklers from actively engag[ing] in the opioid business,"—which allays concerns articulated by certain objectors to

---

[7] *See e.g.*, Reply Memorandum in Further Support of Motion to (I) Extend the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend the Schedule for the Standing Motion at 13-15 [ECF. No. 550]; *Memorandum of Law in Support of Motion to (I) Extend the Mediation and (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling* at 8-9 [ECF No. 592].

6

prior extensions of the Preliminary Injunction. *Maryland*, 2024 WL 4894349 at *9 (internal quotation marks omitted). Ultimately, "[t]he public interest in securing a significant voluntary contribution from the Related Parties far outweighs [a creditor's] interest in advancing its [] proceeding today." *Id.*

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in prior pleadings in support of the Preliminary Injunction, the Debtors respectfully request that this Court enter the orders extending the Mediation and extending the Preliminary Injunction and associated deadlines including for claim tolling as set forth herein.

Dated:  December 11, 2024
        New York, New York

By: /s/ Marshall S. Huebner
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors
and Debtors in Possession*