**Objection Date: December 18, 2024 at 12:00 pm EST**
**Hearing Date: December 20, 2024 at 11:00 am EST**

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
Robert M. Tuchman
500 Fifth Avenue
New York, NY  10110
(212) 986-6000
Counsel for State of Washington

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |
| **PURDUE PHARMA L.P.**, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS**, *et al.*,<br><br>Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**OBJECTION OF THE STATE OF WASHINGTON TO**
**MOTION FOR AN ADDITIONAL EXTENSION OF INJUNCTION**

The State of Washington ("Washington") objects to the request of debtor Purdue Pharma, L.P. ("Purdue") for a further extension of the injunction as set forth in the Motion to (I) Extend the Mediation; (II) Extend the Preliminary Injunction and Associated Deadlines Including Tolling; and (III) Extend Schedule for the Standing Motion, dated December 11, 2024 (docket nos. 7021 (main case) and 616 (adv. proc.)) (the "Injunction Motion"), and Purdue's supporting memorandum of law  (docket nos. 7023 (main case) and 618 (adv. proc.)) (the "Injunction Memo"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. For the reasons described in its prior objections and supplemented below, Washington reiterates its objection to a continuation of the injunction that has barred all non-debtor third party creditors from litigating direct claims against the non-debtor Sacklers (the "Sackler Shield Injunction") for more than five years notwithstanding that those claimants ultimately cannot be forced by Purdue to involuntarily settle those claims. Washington does not object to a continuation of the injunction with respect to actions against Purdue, by which Washington has voluntarily abided. Washington also does not object to a continuation of the mediation.

2. In the alternative, Washington requests that the Court set a final deadline by which the injunction will expire as to the Sacklers.

**BACKGROUND**

3. Washington incorporates by reference the objections it filed to Purdue's previous motions to extend the Sackler Shield Injunction, objections dated September 20, 2024 (main docket 6720, adversary docket 544) (the "Washington September Injunction Objection"), October 29, 2024 (main docket 6891, adversary docket 573) (the "Washington October Injunction Objection"), and November 21, 2024 (main docket 6940, adversary docket 597), (the "Washington November Injunction Objection") (collectively, the "Washington Injunction Objections") including the background supplied therein.

**Relief Requested and Reasons Therefore**

4. Washington objects to a continuation of the Sackler Shield Injunction barring third party creditors from litigating direct claims against the non-debtor Sacklers for the reasons already stated in the Washington Injunction Objections and below.

5. Washington is sensitive to the Court's statement that "the new circumstances are really the only thing at the end of the day that needs further parsing." Nov. 26 Tr. at 100.

2

Washington restates and incorporates the arguments set forth in the Washington Injunction Objections. This Objection will therefore focus on what is new.

6. Regrettably, what is new is that, apart from another several weeks having elapsed, the 27 pages of Purdue's Injunction Motion and Injunction Memo contain almost nothing that is new. The specific items of progress trumpeted in the Injunction Memo at 4 are almost entirely old news that was in the record in November when the Sackler Shield Injunction was last extended, including the Mediators' Second Interim Report, dated November 25, 2024 and Judge McMahon's decision, which was issued shortly after the November 26 hearing but before this Court's Modified Bench ruling, and is based on even earlier record for earlier extensions of the Sackler Shield Injunction.

7. After one sifts through the recycled news all that is left is the Delphic pronouncement that "there has been additional incremental progress" and that "*if* the remaining issues get closed out as expected, the Debtors remain on track to file a plan of reorganization and disclosure statement by the end of January 2025." Injunction Memo at 5.

8. Accordingly, even more than its predecessors, the current Injunction Motion is a placeholder. Any new developments in the mediation on which Purdue relies will likely not be made public until shortly before or during the hearing – after the time that objections are due and thus beyond the ability of objecting parties to comment in writing in timely filed objections. Accordingly Washington reserves the right to supplement this objection in writing or in oral argument during the hearing.

*The Court Should Set a Final Deadline to End the Sackler Shield Injunction*

9. It is now over *five years* since Purdue filed for bankruptcy and obtained the first "temporary" Sackler Shield Injunction. The quotation repeatedly attributed to the late Senator Everett Dirkson is "A million [dollars] here, a million there, and pretty soon you're talking real

14038701.3 - 12/13/24

money." In this context one could say: "A month here, a month there, and pretty soon you're talking a real amount of time."

10.  By the time that the hearing on the instant motion is held it will be over *five months* since the current mediation began and the Sackler Shield Injunction was further extended, notwithstanding that the Supreme Court had rendered its decision that actions against the Sacklers could not be released without consent.

11.  The hearing on the instant motion will be over *three months* after Washington first objected to a further extension of the Sackler Shield Injunction.

12.  These repeated and continued delays should be measured not solely from the perspective of those intending to settle. Indeed, as this Court has already recognized, "consistent with the Supreme Court decision, the settlements reached in mediation would fully preserve all creditors' rights not to settle with the Sacklers." *Purdue Pharma L.P. v. Commonwealth of Massachusetts (In re Purdue Pharma L.P.),* case no. 19-23649, 2024 Westlaw 5010712 (Bankr. S.D.N.Y. December 6, 2024) at *6.

13.  For those victims of the Sacklers who wish to and are entitled to have their day in court, these delays represent additional time during which they have been barred from pursuing any form of compensation or accountability, ostensibly in the service of not "distracting" the Sackler family and other parties who are participating in the mediation.

14.  Judge McMahon's recent decision presciently foresaw Purdue's most recent round of papers and stressed the importance of this perspective, stating:

> The "elephant in the room" is that the Preliminary Injunction has been in effect for a very, very long time. While each of the Debtors' motions to extend the Preliminary Injunction following the Supreme Court's decision ending litigation over the nonconsensual releases has been framed as "limited" or "exceedingly modest," the cumulative effect of all thirty-nine (perhaps now forty) extensions has been to stall all litigation against the Sacklers for over five years. And while many (perhaps

4

most) affected creditors would rather release their claims against the Sacklers in exchange for a guaranteed payment of some sort, there are opioid victims who will never consent to release their claims against the Sacklers; they have been prevented from pursuing their (perhaps quixotic) quest to hold the family accountable for half a decade.

The latest request for an extension is rather obviously calibrated to get the parties past the year-end holidays. If no agreement is reached over the holidays, there will no doubt be another "modest" request-and quite possibly another- and yet another. And I rather expect that, every single time, the parties will tell Judge Lane that they are inching ever closer to an agreement and only need a little more time.

* * *

But there must be an end to this mediation process. As more and more extensions are sought, it becomes less and less convincing that the parties really are on the cusp of a deal, 8 or that the public interest would be better served by prolonging the stay, rather than by ramping up litigation against the (perhaps recalcitrant) Sacklers. In other words, "then" had better become "now" pretty "soon," or the preliminary injunction factors will cease to favor further postponement of the ability of parties who have every right to sue the Sacklers to start the war of all against all.

*State of Maryland v. Purdue Pharma L.P. (In re Purdue Pharma L.P.),* case no. 24-Civ.-7042, 2024 Bloomberg Law 436018 (S.D.N.Y. Nov. 26, 2024) at *11-12.

15. Compounding the situation is the fact that a temporary injunction, indefinitely extended, effectively becomes permanent and gives the Sacklers something that a settlement cannot: a nonconsensual bar on claims against them. It provides an incentive to drag out the negotiations.

16. If the Court opts not to deny the latest extension request, it should still heed Judge McMahon's admonition and set a final deadline for the Sackler Shield Injunction to expire. A definitive deadline will at least provide some certainty to those creditors who wish to pursue accountability in court rather than via settlement and will incentivize all parties to negotiate with the urgency that the long delays in this case demand.

5

*Purdue has misstated the relief sought by objecting parties*

17. Purdue has repeatedly and wrongly stated that the parties objecting to extensions of the Sackler Shield Injunction are seeking to obtain some kind of advantage vis a vis other creditors in the case. *See, e.g.* Purdue's Reply Memorandum, docket nos. 6955 (main case) and 606 (adv. proc.), at 15. This is simply not true.

18. Washington seeks a termination of the Sackler Shield Injunction as to all creditors. This would permit all parties to proceed with litigation against the Sacklers and would allow those who have resolved to have their day in court to do so without further delay.

## **CONCLUSION**

19. For the foregoing reasons, Washington respectfully requests that the Court deny the injunctive portion of Purdue's request with respect to the Sacklers or in the alternative set a final deadline for that portion of the injunction to expire, and grant such other and further relief as is just.

Dated: December 13, 2024
     New York, New York

Respectfully submitted,

| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. | ROBERT FERGUSON<br>Attorney General of the State of Washington |
|---|---|
| By: */s/ Matthew J. Gold*<br>         Matthew J. Gold<br>         Robert Tuchman | By: */s/ Jonathan J. Guss*<br>         Jonathan J. Guss |
| 500 Fifth Avenue<br>New York, New York 10110<br>TeL: (212) 986-6000<br>Fax: (212) 986-8866<br>E-mail: mgold@kkwc.com<br>          rtuchman@kkwc.com<br><br>*Attorneys for the State of Washington* | Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, Washington 98104<br>Tel: (206) 254-0570<br>E-mail: jonathan.guss@atg.wa.gov<br><br>*Attorneys for the State of Washington* |