**NAPOLI SHKOLNIK**
Hunter J. Shkolnik, Esq.
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088
Facsimile: (646) 843-7603
Email: Hunter@nsprlaw.com

*Counsel to County of Nassau*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P., et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |
| **PURDUE PHARMA L.P.,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS,** *et al.*,<br><br>Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**NASSAU COUNTY, NY'S OBJECTION TO
THE DEBTORS' MOTION TO (I) EXTEND THE MEDIATION
AND (II) EXTEND THE PRELIMINARY INJUNCTION
AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

County of Nassau, New York ("Nassau County"), by and through its attorneys, Napoli Shkolnik, objects to the Debtors' Motion to (i) Extend the Mediation and (ii) Extend the Preliminary Injunction[2] and associated deadlines including tolling for the foregoing reasons:

### PERTINENT BACKGROUND

1. Practically six years ago, Nassau County[3] initiated litigation against, *inter alia*, certain members of the Sackler Family, namely Defendants Beverly Sackler, David A. Sackler, Ilene Sackler-Lefcourt, Jonathan D. Sackler, Kathe Sackler, Mortimer D.A. Sackler, Richard S. Sackler, and Theresa Sackler (collectively the "Sackler Defendants"). The coordinated New York state litigation against the Sackler Defendants has been stayed pursuant to this Court's prior order. Unlike all other governmental entities affected by this injunction, Nassau was on the eve of trial and, but for this injunction, the Sacklers would have been in the courtroom participating in the only comprehensive trial that focused on the complete vertically integrated distribution of opioids from manufacturers to local pharmacies.

2. Nassau County again objects to the continued stays as applied to the Sackler Defendants. As noted in the September 5, 2024 hearing and subsequent hearings, the Debtor's request to extend the mediation, preliminary injunction, and standing motion has turned into a repeating affair.

3. Although assurances were made that it would be consulted and allowed to participate, Nassau County has not been invited to participate in the ongoing mediation. This

---

[2] *See* ECF Dkt. Nos. 6926 (main case) and 592 (adversary proceeding).

[3] The State of New York and County of Suffolk, New York are also designated plaintiffs in the New York Consolidated action. Those parties, either directly (i.e., the State of New York), or indirectly (i.e., County of Suffolk, who is represented by MDL Co-Lead Counsel), have been involved in the Purdue mediation process – while Nassau County has been excluded.

directly implicates the Supreme Court's holding even more so because the "affected parties" (i.e., Plaintiff Nassau County) have not consented to release and/or discharge the Sackler Defendants. *See Harrington,* 219 L. Ed. 2d at 733. Nassau County has also never been asked to consent to such a release or discharge.

## REQUESTED RELIEF

4. Nassau requests this Court enter a ***final*** extension of the mediation and preliminary injunction orders with respect to the Sackler Parties for 60 days.

## ARGUMENT

5. Bankruptcy Courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in and related to cases under title 11." 28 U.S.C. § 1334(b). Likewise, Bankruptcy Courts have the authority under 11 U.S.C. § 105(a) to "enjoin suits that might impede the reorganization process." *See In re Purdue Pharms. L.P.*, 619 B.R. 38, 43 (SDNY 2020) (hereinafter "Dunaway").

6. The four factors a court should consider in granting an extension for mediation are (1) whether there is a likelihood of successful reorganization; (2) whether there is either imminent irreparable harm to the estate in the absence of an injunction, or the action to be enjoined is one that threatens the reorganization process; (3) the balance of the comparative harms to the debtor, and to the debtor's reorganization, against that to the would-be-enjoined party should an injunction be issued; and (4) whether the public interest weighs in favor of an injunction. *In re: Purdue Pharma L.P., et al. v. State of Maryland*, No. 19-23649 (SHL, 2024 WL 4894349, at *7 (S.D.N.Y. Nov. 26, 2024).

7. As noted by the district court in Maryland's appeal,

> [T]here must be an end to this mediation process. As more and more extensions are sought, it becomes less and less convincing that the parties really are on the cusp

3

> of a deal, or that the public interest would be better served by prolonging the stay, rather than by ramping up litigation against the (perhaps recalcitrant) Sacklers. In other words, "then" had better become "now" pretty "soon," or the preliminary injunction factors will cease to favor further postponement of the ability of parties who have every right to sue the Sacklers to start the war of all against all.

*Purdue Pharma L.P., et al. v. State of Maryland*, No. 19-23649 (SHL, 2024 WL 4894349, at *7 (S.D.N.Y. Nov. 26, 2024).

8. The preliminary injunction has been in effect for a long time. *See id*. There have been nearly forty extensions for the Sackler Parties over the past five years. *See id*. Continuing the same would undoubtedly cause "another 'modest' request—and quite possibly another—and yet another." *See id*. Debtors and the Sackler Parties have come to expect that their requested extensions will be granted so long as they sufficiently disguise their years long extensions as a "tight leash."

9. Even Debtors have suggested, perhaps involuntarily, that the shorter time between extensions has not been beneficial to the negotiation efforts. The Debtors have often complained that the time needed to brief the motions for extension has taken away from valuable mediation time. *See, e.g.,* Nov. 26, 2024 Hr'g Tr. 98:9-18 [ECF 612] (Debtors lamented they were "hoping maybe the objectors give us a pass on this one because it would just take us back to the January 9th period and we can do this with minimal cost and distraction because, you know, it is very painful to watch the amount of money and the number of law firms that have to be involved in all these issues and frankly, more or as importantly, the distraction from the mediation.")

10. The Court should consider a fixed time period for extensions. Whether it is 60 days or 120 days, a fixed and final extension solves three key problems. First, it puts pressure on the parties to actually participate in the mediation unencumbered by looming deadlines to request another extension. Second, it saves significant costs and time of the estate and Court by not having

4

the parties participate in what has become a blind rehashing of the same four factors for injunctive relief. Third, it addresses public interest concerns raised by the district court that the "recalcitrant" Sackler Parties are surreptitiously benefiting from endless extensions.

## CONCLUSION

For the foregoing reasons, Nassau County respectfully requests this Court enter a final extension of the mediation and preliminary injunction orders with respect to the Sackler Parties of sixty (60) days.

Dated:  December 16, 2024    Respectfully submitted,
       Santurce, Puerto Rico

**NAPOLI SHKOLNIK**

/s/ Hunter J. Shkolnik
Hunter J. Shkolnik, Esq.
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088
Facsimile: (646) 843-7603
Email: Hunter@nsprlaw.com

*Counsel to Nassau County, NY*

CERTIFICATE OF SERVICE

The undersigned attorney certifies that on December 16, 2024, he electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

/s/ Hunter J. Shkolnik