Fredrick Hill, Pro Se
Plaintiff #555 listed in Debtors 41st motion to extend temporary preliminary injunction

Adv. .Pro. No 19-08289-shl Case No. 19-23649

United States Bankruptcy Court
Southern District Of New York.
_____

| | |
|---|---|
| In re: | Chapter 11 |
| Purdue Pharma L.P., et al., | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

_____

| | |
|---|---|
| Purdue Pharma L.P., et al., | |
| Plaintiffs, | Adv. Pro. No. 19-08289-shl |
| V | |
| Commonwealth Of Massachusetts, et al., | |
| Defendants. | |

_____

LIMITED OPPOSITION of the 41st EXTENSION OF

PURDUE TEMPORARY PRELIMINARY INJUNCTION

_____

1

My half-Decade-long-temporarily stayed New Jersey pre-petition Consumer Fraud Oxycontin personal injury lawsuit #CAM-L-3693-19 WILL NOT BE SETTLED IN ANY PURDUE BANKRUPTCY PROCEEDINGS FOR DEFENDANTS THAT HAVE NOT FILED BANKRUPTCY. HOWEVER, as I am a Plaintiff and a Creditor, I, do not oppose the requested 41st extension of the Purdue temporary preliminary injunction, but ONLY for the DEFENDANTS listed in my New Jersey prepetition Consumer Fraud Oxycontin personal injury lawsuit #CAM-L-3693-19 that have filed bankruptcy/or have been LISTED as a Related Party Subject to the Purdue temporary preliminary injunction. I agree to these LISTED defendants temporarily extending their mediation, hoping that the Purdue personal injury victim members of the public (that chose to settle their claims in bankruptcy because unlike me, they unfortunately, can't prove their Oxycontin was prescribed as their doctor and pharmacies destroyed all the RECORDS after 9 years) get some relief. I would not want to stand in the way of that especially for those personal injury victims that have suffered Oxycontin addiction for the last two and a half decades like I have since March 2000, as a direct result of defendant's 1996-2001 fraudulently marketed Oxycontin for non-severe non-hospice long-term moderate pain treatment that caused so much horrific Oxycontin addiction from 1996-2001 until it was finally removed from the market for non-hospice non-severe long-term moderate pain treatment as a result of these horrific Consumer Fraud fraudulent marketing crimes, that directly caused the damages listed in my New Jersey prepetition Consumer Fraud Oxycontin personal injury lawsuit #CAM-L-3693-19.

TO BE VERY CLEAR, I DO object to extending the Purdue temporary preliminary injunction for the specific defendants listed in my temporarily stayed NJ pre-petition Consumer Fraud Oxycontin personal injury lawsuit CAM-L-3693-19 that have NOT filed bankruptcy and are NOT listed as a related party subject to the Purdue temporary preliminary injunction. That would include the following defendants in my NJ prepetition lawsuit: Michael Friedman, Howard R. Udell, Paul D. Goldenheim, Robin E. Abrams Esquire who are all NAMED IN THE 2007 PURDUE OXYCONTIN CRIMINAL PLEA AGREEMENT CONVICTION ATTACHED as Exhibit 2.

This bankruptcy court has already ordered the Related Parties subject to the purdue temporary preliminary injunction are the various defendants listed in the Purdue Oxycontin temporary preliminary injunction order and unless these defendants are listed as Related Parties subject to the Purdue temporary preliminary injunction, or they finally file bankruptcy, I must be allowed to reopen my New Jersey prepetition Consumer Fraud Oxycontin personal injury lawsuit against these specific defendants that have not filed bankruptcy and are not listed as a Related Party in the Purdue temporary preliminary injunction order, when the 40th extended Purdue temporary preliminary injunction EXPIRES.

CONCLUSION
_____
_____
Unless it is proven somewhere in this Purdue bankruptcy that these defendants Michael Friedman, Howard R. Udell, Paul D. Goldenheim, and Robin E. Abrams Esquire have already filed bankruptcy or are listed as a related party somewhere in the Purdue bankruptcy Federal

agency proceeding, THESE SPECIFIC DEFENDANTS CAN NO LONGER BE PROTECTED BY THE PURDUE FEDERAL AGENCY BANKRUPTCY PROCEEDING without either being listed as a related party subject to the Purdue temporary preliminary injunction order or filing bankruptcy.

This limited opposition brings to the attention of this Purdue Federal Agency bankruptcy proceeding that several of these defendants have not filed bankruptcy, or have not been listed as a Related Party.

I must be allowed to move forward in New Jersey Superior Court without being restrained by the Purdue temporary preliminary injunction. To be clear, I have searched and do not see these defendants that are all clearly listed in my New Jersey prepetition consumer fraud oxycontin personal injury lawsuit CAM-L-3693-19 listed anywhere as a related party, or debtor in this bankruptcy that filed bankruptcy as seen in the attached screenshots of searches for these defendants in the debtors proposed 41st extension of the Purdue temporary preliminary injunction order that all show no search results (Exhibit 1).

I have made this limited opposition as short as possible, so that the court can quickly decide if these defendants actually have been listed somewhere as a related party subject to the Purdue temporary preliminary injunction or if in fact they have filed bankruptcy which should not take more than a minute or two of the Court and debtors' time.

This opposition is new. It doesn't say anything that I have ever filed with this Court before, and it clearly shows defendants listed in my New Jersey lawsuit that are not listed as Related Parties subject to the Purdue temporary preliminary injunction, and are not listed as debtors that have filed bankruptcy. I respectfully ask the judge to settled these questions in the hearing as they are directly tethered to the 41st extension of this Purdue temporary preliminary injunction staying my lawsuit Nj CAM-L-3693-19 listed as #555 in the proposed 41st extended purdue temporary preliminary injunction order.

Hopefully the debtors' lawyers will not waste any of the Court's time and can quickly prove that these defendants listed in my New Jersey lawsuit have actually filed bankruptcy or are listed as a related party subject to the Purdue temporary preliminary injunction in their reply, not wasting the debtor's estate further.

I am forced to have my limited opposition to the 41st extension of the Purdue temporary preliminary injunction filed papers speak on my behalf, as clearly I am not needed, and will not be a part of the upcoming December 20, 2024 motion to extend the Purdue temporary preliminary injunction hearing.

Since I have not been included in the mediation, I am looking forward to the Purdue Temporary Preliminary Injunction expiring. Additionally, if there is a second Purdue bankruptcy plan put up for vote, that is the day that I will finally have my say, and use my power to vote against (and appeal) any Purdue bankruptcy plan this court might pass. As I am one of the original case key

3

plaintiff / creditors of "third party claims" (listed as #555 in the 1st through 41st extensions of the Purdue temporary preliminary injunction) that this court tried to discharge my NJ prepetition consumer fraud Oxycontin personal injury lawsuit without my consent for defendants that have not filed bankruptcy in the last Purdue bankruptcy plan. Again this court has not sought my consent or input in this bankruptcy plan mediation only, this time—after the Purdue Supreme Court ruling that they cannot force me to settle in this bankruptcy proceeding with any defendants that have not filed bankruptcy.

Based on all of the above reasons this Purdue temporary injunction should not be extended for the defendants that have not filed bankruptcy or have been listed as a related party subject to the Purdue temporary preliminary injunction.

Until that day I wish all involved the very best.

This is my limited opposition to the debtors' motion.


Dated:
December 16, 2024



*Fredrick Hill, Pro Se*___

By: /s/ Fredrick Hill, Pro Se

Fredrick Hill, Pro Se
856-812-1520

Certificate of Service
_____

I, Fredrick Hill, Pro Se, hereby certify that on December 16, 2024 I gave proper notice by filing this limited motion on the Purdue public docket and sent copies via regular mail.

Benjamin S. Kaminetzky
Davis Polk And Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Lawyers for Adv. Pro. No. 19-08289 RDD
Purdue Pharma Bankruptcy

New York Southern District Bankruptcy Court
Judge Lane
White Plains, NY 10601

*Fredrick Hill, Pro Se*
/s/ fredhill

December 16, 2024
Date

5

## LIST OF EXHIBITS

**Exhibit 1 - Proof these defendants are not listed in the proposed 41st Purdue temporary preliminary injunction order.......................................................................... 7**

**Exhibit 2 - Proof defendants are listed in 2007 Purdue oxycontin criminal plea agreement conviction order........................................................................................11**

# Exhibit 1 - Proof these defendants are not listed in the proposed 41st Purdue temporary preliminary injunction order

 Michael Friedman  No results

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| PURDUE PHARMA L.P., *et al.*, | |
| Plaintiffs, | Adv. Pro. No. 19-08289 (SHL) |
| v. | |
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, | |
| Defendants. | |

**MOTION TO (I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

---

19-08289-shl   Doc 616   Filed 12/11/24   Entered 12/11/24 22:37:47   Main Document
Pg 2 of 17

Purdue Pharma L.P. ("**Purdue Pharma**") and certain affiliated debtors that are plaintiffs in the above-captioned adversary proceeding, as debtors and debtors in possession (collectively, "**Debtors**"), respectfully represent as follows in support of this motion ("**Motion**") seeking entry

 

Howard R. Udell    No results

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| PURDUE PHARMA L.P., *et al.*, | Adv. Pro. No. 19-08289 (SHL) |
| Plaintiffs, | |
| v. | |
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, | |
| Defendants. | |

**MOTION TO (I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

---

19-08289-shl    Doc 616    Filed 12/11/24    Entered 12/11/24 22:37:47    Main Document
Pg 2 of 17

Purdue Pharma L.P. ("**Purdue Pharma**") and certain affiliated debtors that are plaintiffs

in the above-captioned adversary proceeding, as debtors and debtors in possession (collectively,

"**Debtors**"), respectfully represent as follows in support of this motion ("**Motion**") seeking entry

 Paul D. Goldenheim  No results

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>**PURDUE PHARMA L.P.**, *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No. 19-23649 (SHL)<br>(Jointly Administered) |
| **PURDUE PHARMA L.P.**, *et al.*,<br>Plaintiffs,<br>v.<br>**COMMONWEALTH OF MASSACHUSETTS**, *et al.*,<br>Defendants. | Adv. Pro. No. 19-08289 (SHL) |

**MOTION TO (I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

---

Purdue Pharma L.P. ("**Purdue Pharma**") and certain affiliated debtors that are plaintiffs in the above-captioned adversary proceeding, as debtors and debtors in possession (collectively, "**Debtors**"), respectfully represent as follows in support of this motion ("**Motion**") seeking entry

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Joshua N. Shinbrot

*Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |
| PURDUE PHARMA L.P., *et al.*, | |
| Plaintiffs, | Adv. Pro. No. 19-08289 (SHL) |
| v. | |
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, | |
| Defendants. | |

**MOTION TO (I) EXTEND THE MEDIATION AND (II) EXTEND THE PRELIMINARY INJUNCTION AND ASSOCIATED DEADLINES INCLUDING TOLLING**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Purdue Products L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

---
19-08289-shl    Doc 616    Filed 12/11/24    Entered 12/11/24 22:37:47    Main Document
Pg 2 of 17

Purdue Pharma L.P. ("**Purdue Pharma**") and certain affiliated debtors that are plaintiffs in the above-captioned adversary proceeding, as debtors and debtors in possession (collectively, "**Debtors**"), respectfully represent as follows in support of this motion ("**Motion**") seeking entry

# Exhibit 2 - Proof defendants are listed in 2007 Purdue oxycontin criminal plea agreement conviction order

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | Dkt. No. _____ |
| ) | |
| THE PURDUE FREDERICK COMPANY, INC. ) | |
| D/B/A The Purdue Frederick Company ) | |
| MICHAEL FRIEDMAN    ) | |
| HOWARD R. UDELL     ) | |
| PAUL D. GOLDENHEIM  ) | |

**AGREED STATEMENT OF FACTS**

Introduction

1. Defendant The PURDUE FREDERICK COMPANY, INC. (referred to in this Agreed Statement of Facts as "PURDUE"), doing business as The Purdue Frederick Company, was a New York corporation, headquartered in Connecticut. It was created in 1892 and was purchased by its current owners in 1952. At all times relevant to this Agreed Statement of Facts, PURDUE and other related and associated entities were engaged in the pharmaceutical business throughout the United States.

2. PURDUE developed and originally marketed OxyContin Tablets ("OxyContin"), an opioid analgesic approved to be taken every twelve hours. OxyContin is a controlled-release form of oxycodone and is a Schedule II controlled substance with an abuse liability similar to morphine.

3. Defendant MICHAEL FRIEDMAN joined PURDUE in 1985 as Vice President and Assistant to the President and Chairman. He was appointed Group Vice President in 1988, Executive Vice President and Chief Operating Officer in 1999, and President and Chief Executive Officer in 2003.

*Attachment B to Plea Agreement*
*United States v. The Purdue Frederick Co., Inc.*

30 of 89

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:07CR00029 |
| v. | ) | |
| | ) | OPINION AND ORDER |
| THE PURDUE FREDERICK | ) | |
| COMPANY, INC., ET AL., | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

**6**

John L. Brownlee, United States Attorney, Rick A. Mountcastle and Randy Ramseyer, Assistant United States Attorneys, Roanoke, Virginia, for United States; Howard M. Shapiro and Kimberly A. Parker, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for The Purdue Frederick Company, Inc.; Mark F. Pomerantz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y., for Michael Freidman; Mary Jo White, Debevoise & Plimpton LLP, New York, N.Y., for Howard R. Udell; and Andrew Good, Good & Cormier, Boston, Massachusetts, for Paul D. Goldenheim.

The issue before the court is whether or not to accept the plea agreements in this case.[1]

The Purdue Frederick Company, Inc. ("Purdue") has pleaded guilty to misbranding OxyContin, a prescription opiod pain medication, with the intent to defraud or mislead, a felony under the federal Food, Drug, and Cosmetic Act. 21 U.S.C.A. §§ 331(a), 333(a)(2) (West 1999). The individual defendants, Michael

---

[1] This Opinion elaborates on the court's oral opinion.

Page 13
CAM-L-3693-19

Certification to Reinstate

---

Friedman, Howard R. Udell, and Paul D. Goldenheim, have pleaded guilty to the misdemeanor charge of misbranding, solely as responsible corporate officers.[2] 21 U.S.C.A. § 333(a)(1) (West 1999); see United States v. Park, 421 U.S. 658, 676

**DECLARATION OF PHILLIP A. BARNETT
IN SUPPORT OF A COMPLAINT FOR FORFEITURE**

I, Phillip A. Barnett, upon my oath make the following statements under penalty of perjury:

I am a Special Agent of the Internal Revenue Service, United States Department of Treasury, and one of the agents assigned the responsibility for this case. Unless otherwise stated, the information in this affidavit is either personally known to me, or was provided to me by other law enforcement officers.

This affidavit is made in support of the filing of a complaint for forfeiture against The Purdue Frederick Company, Inc., and incorporates by reference the attached Agreed Statement of Facts. Your affiant has been involved in the investigation of The Purdue Frederick Company, Inc., since January 2003. The Purdue Frederick Company, Purdue Pharma L.P., and The Purdue Pharma Company ("Purdue") were part of a group of entities involved in the manufacture, marketing, promotion, sale, and distribution of pharmaceutical products, including OxyContin.

The Purdue Frederick Company, Inc., d/b/a The Purdue Frederick Company, was a New York corporation, headquartered in Connecticut. Purdue Pharma L.P. was a Delaware limited partnership, with the same headquarters and facilities as The Purdue Frederick Company. The Purdue Pharma Company was a Delaware general partnership owned by and co-located with The Purdue Frederick Company and Purdue Pharma L.P. The Purdue Pharma Company was also used to conduct pharmaceutical business until September 30, 2004, when the partnership was terminated. After The Purdue Pharma Company was terminated, The Purdue Frederick Company, Inc. became an owner of Purdue Pharma L.P.

On December 12, 1995, the United States Food and Drug Administration (FDA) approved OxyContin for marketing and distribution in the United States for moderate to severe pain lasting more than a few days. From approximately January 1996 until September 30, 2004, OxyContin sales were recorded by The Purdue Pharma Company. After The Purdue Pharma Company was terminated, OxyContin sales were recorded by Purdue Pharma L.P.

From approximately January 1996 to approximately June 2006, proceeds from the sale of OxyContin were deposited and flowed into various Purdue checking accounts, including an account at JP Morgan Chase. The JP Morgan Chase account served to aggregate the receipts of all products sold by the related Purdue companies, including OxyContin.

From 1995 to June 2006, Purdue had OxyContin gross sales of approximately $10.2 billion, with sales net of rebates and discounts totaling approximately $8.4 billion. Federal and state health care programs were among the purchasers of OxyContin and paid for OxyContin prescriptions filled at pharmacies, including pharmacies in the Western District of Virginia. The pharmacies received the monies via mail and/or wire. The pharmacies paid the wholesalers for their supplies of OxyContin via mail and/or wire. The wholesalers paid Purdue via mail and/or wire payments.

*Attachment I (Declaration) to Plea Agreement*
*United States v. The Purdue Frederick Co., Inc.*   Page 2 of 3

---

From 1995 to September 30, 2004, The Purdue Pharma Company made distributions of approximately $2,854,760,301 (two billion, eight hundred fifty four million, seven hundred sixty thousand, three hundred and one dollars) in profits, including OxyContin proceeds, via wire transfers between Purdue-owned accounts at JP Morgan Chase to The Purdue Frederick Company and Purdue Pharma L.P. All transfers of funds relied upon by the government exceeded $10,000. Although OxyContin sales receipts were co-mingled with other funds, OxyContin receipts comprised up to 90% of the total receipts.

Based upon the preceding facts, information and evidence gathered as a result of the investigation, your affiant contends there is sufficient probable cause to believe that violations under 18 U.S.C. § 1957 have been committed by The Purdue Frederick Company, Inc., supporting the complaint for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of _____, 2007.

Phillip A. Barnett
Special Agent, IRS-CID